Page number 25-1203 Thomas William OHara v. Andrew R Vara. Argument is not to exceed 15 minutes preside. Mr. Smith you may proceed for the appellant. Good afternoon, your honors. I'm Scott Smith for the appellant. This case, this this case concerns whether a person who files a voluntary chapter 13 can be forced into a chapter 7. And I don't think either side's dispute except in one circumstance, which is inapplicable to this case, that that is how the firm timeline of the right to convert is not jurisdictional. I don't think any of those things are in dispute. If the bankruptcy judge has issued an order converting before the motion to dismiss is filed, would you agree that that conversion then governs? Well, that factually happened, but our case . . . So do you agree then that if, putting aside your case, but just the law, if the bankruptcy judge has converted the chapter 13 to a chapter 7, that then you cannot move for a dismissal? In 99% of the cases I would agree with this, but in this case we're relying on the unique circumstances of the case. And the way I would frame the issue is, does . . . this is something fundamental to our system, then I think everyone would agree. Does a debtor, in this case, have the right to lay on the express words of the judge when a fundamental right is at stake, a fundamental property right, to be forced into a chapter 7? There's no question he tried to exercise that right. But too late, according to the bankruptcy judge and according to the district judge, that the conversion order was signed before the motion to dismiss was filed. That's physically true, correct? Because it went on the docket . . . That's true because the debtor and his attorney, who was myself, relied on the judge's express word that he had a day or two to decide. He didn't say that exactly, did he? He said he didn't know how long it would take. It could be a day, it could be more. Well, it wasn't a day, it was six or so, five hours and 52 minutes or something. And he knew that I had to drive from Grand Rapids back to Detroit. I mean, I suppose I could have used a laptop somewhere, but it was a . . . this gentleman, the debtor, Mr. O'Hara, he had some complex affairs. There were a lot of moving parts. You could have moved for dismissal at the conclusion of that hearing before the bankruptcy judge issued the written order. And you and the debtor were there, right? In fact, I did. And then I looked at my client and he told me he wanted to discuss it. And then I asked the judge specifically, how long do I have to make this decision, implying that I wanted to speak to my client about it. And yeah, I put in the record, we went to lunch for an hour and then I drove back and then I filed my notice of intent that we wanted to dismiss the case. Counsel, I want to make sure I'm understanding your argument. Are you making any challenge to the substantive grounds for conversion of the Chapter 13 to a Chapter 7? Are you saying there's any reason why the bankruptcy court should not have converted, other than the timing issue that you're making? I didn't want to dismiss his 13 and go into a completely voluntary, which was a completely voluntary procedure, to his complex and sad affairs. He had a two-million-dollar divorce judgment. He had a dispute with a lender. There's really only two creditors of any substance. What I'm getting at is, do you have any, did you make any, it sounds like you you argued at the initial hearing that there should not be a conversion to a Chapter 7 on the May 8th hearing. I believe you didn't make an argument. To answer your question, I did argue that. You argued there, but in any of the motion, subsequent motions that you filed, were you intending to make any argument there that the conversion was improper? Well, I made an argument. The grounds that it was converted was, is that he wasn't current on his post-petition child support, which he couldn't afford. It was like something like eight or ten. Did you challenge that ruling, though, in any of the subsequent filings after that ruling was made? I didn't hear the first part of your question. I apologize. The ruling, I believe you said the court converted because your client was unable to make his child support obligations. It's what he said under Section 11. I'm asking, was there anything filed later by you on behalf of your client, or argued in court, where you challenged that finding of the Bankruptcy Court that the child obligations could not be met? No, I asked at the hearing to give a few weeks to catch it up, because at the time, and I think it's still the law, that there's no Chapter 5s anymore, so the only way he could deal with his substantial child support issue was in that 13 proceeding, and so I argued that he needed to catch it up. The judge was... You argued that at the May 8th hearing, correct? At the hearing. But you didn't make that argument anymore after the May 8th hearing, did you? No, because the judge, if, except for the fact that it's our position that we relied on the judge's statement that we had at least to the next day to... I'm just trying to figure out, did you have any substantive argument that was challenging the conversion order? Not on the grounds that he was behind on the... Let me finish my question. Did you have any substantive argument challenging the conversion order and the motions to dismiss that you filed in the Bankruptcy Court? No, the judge was in his right to convert it because he was behind on his child support. Thank you. So Mr. Smith, can I ask you, you suggested that we should treat this as an extraordinary circumstance, and the extraordinary circumstance is the fact that the judge said a day or two. The way the record reads to me is that the judge made an estimate of the amount of time. Do you read that differently, somehow, that it was either a promise or a specific representation that it would be no less than a day? And if so, what do you base that on? I don't read it that it would be less than a day. I can understand how a reasonable person could do that, but the judge was well aware that as a practical matter, to go back to my office, it was going to be several hours. And I can honestly... I'm interrupting you, I'm sorry. But what is it that made the judge's statement anything more than an estimate? Well, he said that the judge said, to paraphrase, but I think this is accurate, he said, I'm going to convert it because he's behind on his child support and I'm not giving him more time. And he says, but you have the absolute right to dismiss the case. So therefore, my conversion order will not be effective until I actually write the order. And then I sat down and I got up, I said, well how long do I have that to make that decision? It's an important... I don't think I said important, but I think everyone knew it was an important decision. And he said, I can't say for certain, but I would say a day or two. That's how it went. And I could tell you two things from practical experience to for whatever it's worth. There's... every trustee, when someone in a Chapter 13, always puts on the bottom that the case could be converted. The vast majority, 90-some percent, are even in matters that are more important than this in the greater scheme of our society, but maybe not as important as some issues that you deal with. I've never seen a bankruptcy judge actually issue an order after five o'clock in the Eastern or Western District except this time. In your brief... so I... in your brief in support of the motion to dismiss that you filed on July 2nd, did you not request that the bankruptcy court provide relief from the conversion order? As I read the last statement on page 9 of your brief, you respectfully requested the court provide relief from its order converting the case to a Chapter 7 and dismiss the case. So that was part of the relief that you were seeking, correct? Yes, that's true, and it's also true that the judge went... he did his conversion order like at 548, and I filed my notice, which was defective, but he gave me the benefit of the doubt that it would have been a motion at 7-12, I believe, the same day, and... but he issued a written order, I believe the next day, and he said he was denying the request to dismiss the case without prejudice. That was the May? The May hearing, yes. Your red light has been on, and I noticed that you wanted to save five minutes for rebuttal. Do you still want to save time for rebuttal, or do you want to use your time? No, I'll save time for rebuttal. Okay. May it please the court, Beth Levine with the Department of Justice for the Your Honor, as you know, Mr. O'Hara filed his case under Chapter 13, which provides the opportunity for debtors to file a payment plan that if it meets certain requirements can be confirmed by the court. After he proposed the plan, the Chapter 13 trustee moved to dismiss for cause under 1307C because of various defaults by Mr. O'Hara, including the infeasibility of the plan. Now that statute 1307C provides that the court may dismiss or convert whichever is in the best interest of the creditors or the estate, and so based on both the motion and the statute, it was quite clear that the case could be converted at the hearing. Here, the court found there was cause because Mr. O'Hara indisputably had not paid about $15,000 post-petition and child support, and it found that conversion was better for the creditors than dismissal. The bankruptcy judge could have converted at that very hearing. That's absolutely right, Your Honor, yes, and the statute does not say there is any window of time to exercise the 1307B right that ends upon conversion. It says there, you know, under 1307C there needs to be a notice and a hearing, but it doesn't say that the court needs to say, well I'm going to convert and now you get X number of days. There is no window of time promised, and as the bankruptcy court found, Mr. O'Hara and his counsel should have been ready at the hearing knowing whether they preferred dismissal over conversion. At no point did they say, well if you're inclined to convert, we'd rather dismiss. They consistently opposed dismissal. In fact, they wanted additional time to file a new plan, and they recognized that there is a deficit in the child support payments and said that if after a month he can't come up with, at that point it would be $20,000, keep it current, then I say the court has a right to convert it. That's page 40 of that transcript. Even after the court said it was going to convert and warned them to act quickly, they decided to wait. They could have requested dismissal at the hearing, it would have been effective to move to dismiss orally at the hearing. As the court found in denying the Rule 60B relief motion, he should have been prepared to seek dismissal by oral motion, and he was not. Instead, they made a decision to wait, go to lunch, Mr. O'Hara's counsel drove back to the office, and even after he got back to the office, attended to some other business first. As this court has said in the McCurry case, 298 F3rd at 593, these kinds of deliberate decisions are not excusable neglect. And so that addresses the 60B standard regarding the second order. We asked for supplemental briefing on the appealability of the decisions here, and the bankruptcy judge then issued an order of conversion on May 8th. Would that order itself be immediately appealable under prevailing law? Yes, Your Honor. I think the California Palms case from this court establishes that an order converting a case is a final order. Now, Mr. O'Hara did not timely appeal the conversion order at all. He also did not timely appeal that first order entered in May, and the district court dismissed the appeal from that first order as untimely. The May 9th order as opposed to the May 8th order, is that correct? Yes, so the May 8th order was the conversion order, which was not appealed at all. The May 9th order was the order saying that, you know, that initial attempt to dismiss under 1307B because it came after conversion was ineffective. You're basing our jurisdiction on the August 7th order that denied the motion to dismiss? Your Honor, I guess you also say there's jurisdiction based on the motion to dismiss order of May the 9th also. I think there's sort of two different analyses because under 158D, the district court's decision dismissing an appeal is itself a final order over which this court has jurisdiction. What's your authority for that proposition? Your Honor, I think the Cyber, give me a second, I'm blanking on the name, Cyberco, I think is the name of this court's decision. It's Cyberco holding 734F432, as well as this court's decision in Enright Baum 2025 Westlaw 1672364. Those are cited in our supplemental brief. So the principle that you're saying is that the district court's dismissal of the appeal is a final order? Yes. That then the Court of Appeals can review? Yes. But did the district court have to have jurisdiction, appellate jurisdiction, we might call it, over the bankruptcy court ruling? Your Honor, so the district court, if a denial of the Chapter 1307B motion to dismiss were not a final order, and we believe it is, but if it were not, the district court would have the discretion to take an interlocutory appeal. But even interlocutory appeals need to be timely, so it still could have dismissed that, and should have dismissed that as untimely. And if it were being exercised under the discretion for an interlocutory appeal, is there a process the way there is for interlocutory appeals in the district court to the Court of Appeals, where the bankruptcy judge and the district court have to recognize that this is an interlocutory appeal that should be appealable from the bankruptcy court to the district court? Your Honor, under the rules, the appellant should be filing a motion for leave to take an interlocutory appeal, but the district court has discretion to treat the notice of appeal as a motion for leave, even if that motion is not filed. So the question that I asked your opponent at the end, this motion that he filed on July 2nd, he requested at the end that the court, this is to the bankruptcy court, provide relief from its order converting this case to a Chapter 7 and dismissing. So is that not in itself seeking overturning of the conversion order? Yes, and your Honor, I think that the motion was unfortunately a little bit less than clear, but we did treat it in our briefs as seeking 60B relief from the conversion order. We think that the bankruptcy court was absolutely within its discretion to deny that 60B relief, but with respect to the question of finality, conversion orders are final and therefore motions seeking 60B relief from conversion orders, decisions on those are also final. Then his having raised that in a brief was enough to appeal the conversion order from the bankruptcy court to the district court? He didn't have to put anything in his notice of appeal about appealing the conversion order? I think he put in his notice of appeal that he was appealing the order denying 60B relief. Right, I guess you also have to have something in there about appealing the conversion order. No, I think people can appeal only the 60B orders, and you know, it's a hard appeal because it's this very discretionary deferential standard, but he could not appeal the conversion order because it's at that point long overdue. The appeal of the 60B relief order was timely, and he could appeal just that order. It was a final order because with respect to whether 60B relief from the conversion order was appropriate, that's a final order. This may be just dancing on the head of a pin. Is an untimely appeal of the conversion order, is that something where the appellate body lacks appellate jurisdiction, or do they have jurisdiction, appellate jurisdiction, but then say it's untimely, therefore we deny, dismiss, do not grant relief, any of the above? Let me break that down into a couple of components because we have several steps here. So first of all, he did not appeal the conversion order. Except in this July 2nd statement, but yes. Okay, I don't have the statement in front of me. I took that as an appeal of 60B, but assuming he tried to appeal the conversion order, the appeal to the district court would have been untimely. An untimely appeal does not cause a lack of jurisdiction under this court's decision in Tenniel, but it is still a mandatory rule. And then a decision to dismiss by the district court is final for purposes of this court's jurisdiction. Okay, and so did you as the trustee argue that you were exercising your rights to say this mandatory rule was not followed and therefore any appeal of the conversion order is untimely? Your Honor, I don't think he appealed the conversion order because that's based on what the notice of appeal was appealing. The notice of appeal did not say it was appealing the conversion order. The notice of appeal does mention the conversion order. Well, Your Honor, I think the notice of appeal was seeking relief from, to appeal the 60B decision, which denied relief from the conversion order. And Who does describe the judgment order or decree appealed from? One is docket number 110, denying the motion to dismiss the case and or for relief from the order pursuant to 60B. And one is memorandum of decision in order ray conversion of the case, docket number 70. And then later it says relating to order of conversion, docket number 68. So it's arguably confusing. I'm sure I've explained this as clear as mud here. Uh, but mentioning all of this, there is the question, what really was being appealed? Your Honor, we did not view this as an appeal from the conversion order. And I would say he never argued any error in the conversion order. He's admitted that there was cause under 1307C and he's never argued that the court abused its discretion in finding that conversion was better for the creditors in the estate than dismissal. To the extent that he had any intent to appeal directly the conversion order, he's forfeited any arguments for any error in that order. Well, if that's the case, then at least I'm having some trouble understanding how an appeal that's based upon the motions to dismiss and not the conversion order can be, invoke our jurisdiction. And I know you've given us authority, but it seems difficult to understand why that is an appealable, final and appealable order given that proceedings are continuing in the bankruptcy matter. I mean, there's not any final, the denials of the motions to dismiss did not decide in any authoritative fashion any substantive rights of the parties. So I'm having trouble understanding how that could be a final order if you're only basing it on the motions to dismiss. I can understand if it's based on a conversion order, you may have an argument that you do have an appealable order. But if it's based on motions to dismiss, I don't understand the logic. Yeah, Your Honor, the logic is that as this Court has recognized, for example, in the California Palms case and in Jackson Masonry, which was affirmed by the Supreme Court in Ritson, the question is whether the order determined a discrete dispute in the larger bankruptcy case. And with respect to 1307B, it did, as in the words of Bullard, it fixed the party's rights in the sense that it determined that the debtor no longer had a right to dismiss, an absolute right to dismiss under Section 1307B. The provisions of Chapter 13 no longer applied after conversion. And just like a conversion order terminates and fundamentally changes the nature of the case by terminating the applicability of all the provisions of the prior chapter, that's what this Court said in California Palms, this is just another example of that because Section 1307B no longer applied after conversion. Another way to put it is, compare it to, for example, the 1307C basis to dismiss. If the bankruptcy court had said, okay, I'm going to deny the motion to dismiss. I'm going to give you another 30 days to see if you can pay your child support. That would be interlocutory because that question of whether he could confirm a plan, whether he could pay his child support, that could come up again. If that appeal came up and the bankruptcy court was within its rights to give the debtor another 30 days, it could have another order coming up because a month later he hadn't paid his child support and then dismissing. Here, whether he has an absolute right to dismiss under 1307B is not going to come up again. The only way you're going to see a piecemeal appeal is if this is determined not to be final and then at the end of the Chapter 7 case he might come up again arguing this issue a second time. But the 1307B denial here fixed his rights in the words of Bullard by determining that that provision of Section 13 no longer applied in the same way that the conversion order fixes his rights by terminating all the provisions of the prior chapter. Which orders would you say fix his rights under 1307B? In a sense it's two orders because the conversion order is the order that terminated his rights under Section 13, but then there's also the subsequent orders that refused to dismiss based on 1307B because that section no longer applied. So this is sort of a weird situation because I believe that we have cases that say a denial of a motion to dismiss is usually not immediately appealable, but a grant of a conversion order is immediately appealable. So here we had May 8th a conversion order, May 9th a denial of a motion to dismiss, and August 7th an order denying 60B relief. What does the 60B relief tie back to, which is what I was getting at with the July 2nd brief. But your position is that everything that is being appealed then to the district court and then to us was final and reviewable, but the conversion order to the extent it was appealed was untimely, and the 60B order by the bankruptcy judge was proper because there were no extraordinary circumstances warranting 60B relief, and you have no problem with finality on appeal? That's correct, Your Honor. I do have one final question.  This is really just for clarity because I think there might be a semantic issue here. So we're referring to the May 8th order as the conversion order, and indeed that order did convert this from a Chapter 13 to a Chapter 7, but the motion that the bankruptcy judge was adjudicating there was actually a motion to dismiss and convert from the trustee, correct? That's correct. So we're calling it a conversion order, but that order in and of itself granted the trustee's motion to dismiss the Chapter 13 proceedings, correct? Well, it granted the Chapter 13 trustee's motion and converted the case. So you would say that you would not characterize it as granting the motion to dismiss Chapter 13? No, I wouldn't. I mean the motion was titled a motion to dismiss, but it said that the case could be converted, and as a matter of the statute 1307C, the bankruptcy judge was required to consider whether conversion or dismissal was in the best interest of the creditors, and it determined that conversion was in the best interest of the creditors, and so what the order did in fact do was convert the case. I'm curious what the impact of the subsequent events is, if any, on our appellate jurisdiction. So I printed out the recent bankruptcy court docket, and lots of things are going on. Am I correct in assuming these things that are going on are in the Chapter 7? Yes. Okay, and I believe, correct me if I'm wrong, that there was a sale of the underlying property? Is that right? That's my understanding, Your Honor, yes. So how does that impact, if at all, on our jurisdiction here now? Your Honor, if the question is, is this moot? Yeah. The case is still open, so I think that, you know, because the case is still open, if the court said that there was some right to dismiss, it could still be dismissed. I don't think there's a mootness problem here. There might be issues of what can and can't be undone, but that's, I think, a different question of, you know, if there was a right to dismiss, could he still dismiss it? Well, but you're the bankruptcy expert compared to me, certainly. The fact that Chapter 7 has been going on would seem to have an impact on whether there's any meaning to the appeal of the debtor claiming that the Chapter 13 should have been simply dismissed. In terms of mootness or equitable mootness or various doctrines, but none of that's been briefed, and that's why this is sort of, I'm just asking whether you have any thoughts that would be helpful here. Yeah, I mean, my thought is that, obviously, we think the court should affirm, we think the bankruptcy court was absolutely correct, but if ... The question is, can this court provide any relief such that the case is not moot? My understanding is the Chapter 7 trustee is still administering assets and is still, I think, looking to determine whether there's any undisclosed assets, and that process would all stop if the case were dismissed. And you're not representing the Chapter 7 trustee? No, I am not, Your Honor. You're representing the Chapter 13 trustee? No, no, Your Honor. Just to be clear, that Chapter 13 trustees and Chapter 7 trustees are private trustees, and they're separate from the United States trustee. We're an arm of the Department of Justice that is like the watchdog of the bankruptcy system, and we are there to try and ensure that the provisions of the code are complied with, so that Chapter 13 trustee is a private party, the Chapter 7 trustee is a private party, the United States trustee is a governmental party. And you're not representing either of those two trustees, you're representing the public interest? That's correct. Any further questions? All right. Thank you. Thank you, Your Honors. Thank you.           Why isn't your case completely moot now? That's what I want to address first. It's not completely moot. There's still assets. The trustee's actively going after more real property. There's also, if you read the bankruptcy docket, now the judge isn't pleased with the Chapter 7 trustee for not providing transparent information on a sale and doing an affidavit. We discussed if there was a way to resolve this case, me and opposing counsel. But the trustee wants to go after more assets, and the one main creditor got at least paid off unless they want to file another deficiency claim in the sale of the building. Even though this isn't before the court right now, from my understanding of the law and experience, it's unlikely that that sale would be undone. However, there could be other repercussions if the trustee didn't handle it right. But the relief you want is to be able to dismiss your Chapter 13, is that right? Yeah, we want to be out of the bankruptcy court. They forced us. You want to also, if your Chapter 13 is dismissed, somehow or other you think the Chapter 7 will disappear? Well, the purpose of the appeal is to allow us to dismiss the case. We don't think it should have ever been a Chapter 7 case. You want to unravel the whole Chapter 7, too? We want to stop it. I believe the debtor could take some steps if anything was done improper on the sale. But besides that sale, there's these other assets. It's another piece of property. There's equipment. And the Chapter 7 isn't giving the wife and his children any benefit. This is just power for power. It's just taking away sanity of how to distribute assets. So the simple question, it isn't moot. There's still a lot on the line. I'm not asking this court to issue any great pronouncement that really has any great precedent. Because normally, you know, you're dealing with people. And normally most judges don't force Chapter 13 debtors into 7 if they don't want to. Usually the rights are spelled out in the code. But this is about, you know, it's like the Japanese told us, you know, we're not going to bomb Pearl Harbor. And then they bombed Pearl Harbor. And we said we had an agreement. You said you're not going to do that until we have trade negotiations. So they bomb it. And now their position is, well, we were justified in bombing it. You know, it doesn't matter that we broke the agreement. But, you know, in some respect, even though half the framers of the Constitution had some legal training or were lawyers, the other half didn't. And somehow this isn't about the judge. It's about whether when everyone acknowledges that normally if you're not relying on the word of the judge, you know, you'd have an absolute right to dismiss your case and not be in a Chapter 7. A few final points. One of the reasons the motion to appeal the conversion wasn't done immediately is I wanted to see the transcript. Because like Judge Davis said. There is a 14-day time frame for appealing the conversion. Well, it took more than 14 days to actually read the transcript. I mean, I could have filed an appeal. But I wanted to see exactly what we were dealing with. I hate to say it, but your red light is on, meaning your time is expired. Your red light on your timer. Oh, this? Yes, that shows that your time is expired. Oh, okay. I just want to, if I can just mention one case where we talked about the jurisdictional aspects that you were asking the Justice Department about it. Bowles v. Russell, it's in my brief, 551 U.S. 201. Judge Souter specifically talks about the deadlines in Chapter, in bankruptcy cases, how they're not jurisdictional. And if it was, you asked the question, if it was the other way around, if the judge said the case is converted today and then wrote an order that it was converted two days later, you would most likely, that would be honored. It would try to be in the order. But you turn it around and a person loses his right not to be forced into a procedure which he has no power. He could have filed an adversary about disputes about liens. In the Chapter 7, I've done 7s and 13s in other cases, but I can tell you that the debtor has very little power in the Chapter 7. Thank you both for your argument. We appreciate it. The case will be submitted.